Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8681 | **DATE** | 5/9/2001 |
| **CASE TITLE** | ROSE vs. HENDERSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 6/12/2001 at 10:00 A.M...
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (67-1) to compel is granted/denied in part.**
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 11 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LAWSON ROSE,

    Plaintiff,

v.

WILLIAM HENDERSON, Postmaster General of the United States Postal Service,

    Defendant.

No. 97 C 8681
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

Following pro se plaintiff's fifth motion to compel, and in an effort to instill some order into the discovery process in this case, I directed plaintiff to provide defendant with a complete list of the remaining deponents and documents that plaintiff sought. I also ordered him to provide a statement of why each and every document or deponent was relevant to his case. In response, plaintiff compiled a list of thirteen deponents and three document requests.

Defendant has agreed to produce six out of plaintiff's thirteen proposed employee-witnesses. Three persons cannot be produced because they no longer work for the U.S.P.S. Defendant objects to the production of three others on relevance grounds. I agree that plaintiff has not provided a statement of relevance for Catherine Mathews, Akinyinke Akinyele, or David Fields. Plaintiff made a notation next to several deponents on his list which reads: "[r]elevance noted in body of letter." The accompanying letter to which plaintiff refers me is a seven-page document in which plaintiff expresses many opinions about this case, the majority of which have little to do with the discovery requests at issue. He tells me (at p.2-3 of his letter) that the relevance of several of the deponents can be found in "all prior Motions to Compel." This response contravenes the purpose of my order which was to require plaintiff to provide a



succinct explanation of what role each deponent played in the facts of this case. I deny his motion to compel the production of Mathews, Akinyele, and Fields.

There is one remaining witness, Ronald Pope, whom defendant does not mention in its brief. Mr. Pope was the U.S.P.S. agency representative who rescinded plaintiff's 1993 suspension; he also wrote a report to the Merit Systems Protection Board in May 2000 with respect to plaintiff's religious discrimination claim. Mr. Pope is a relevant witness. Plaintiff may depose him.

As for the document requests, I find that plaintiff has received an adequate response to his first request for information regarding transferred mail handlers. (See Defendant's Amended Response to Plaintiff's Third Set of Interrogatories). If plaintiff believes that defendant has reported inaccurate information about the number of transferred mail handlers, he may challenge defendant's answer to this question in his response to any forthcoming dispositive motion.

Plaintiff's second request is for the amount of time it took to process other U.S.P.S employees' worker's compensation claims submitted between June 1, 1997 and April 15, 1999. If I understand it correctly, plaintiff's argument is not that the Department of Labor delayed processing of his claim, but rather that defendant's Human Resources office refused to submit his claim for nearly two years in retaliation for plaintiff's complaints of religious and sex discrimination. Defendant asks me to find that this request would be unduly burdensome, but it is impossible for me to make such a determination since I have no knowledge of the process by which defendant submits such claims to the Department of Labor, or the number of claimants during the period in question. I have already found that plaintiff stated facts sufficient to support a claim that the refusal to process his claim constituted retaliation. Plaintiff is entitled either to: (1) some showing of the length of time it took defendant to submit other claimants' CA2 forms to the Department of Labor's Office of Worker's Compensation Programs; or (2) an explanation as to why this information is not available.

Next, plaintiff requests a list of persons processed for worker's compensation claims who had to file at least three CA2 forms and contact the Regional Office of Worker's Compensation Programs before his claims were processed. Defendant says that this information is not maintained. If defendant does not have the information, it cannot produce it. It follows, of course, that defendant will not be permitted to argue that the length of time it took to submit plaintiff's worker's compensation claim was typical, and therefore not retaliatory.

Plaintiff shall take the depositions of Pearl Simmons, Ronald Jordan, Thomas Pierce, Bettye Webb, Carl Weise, John Richardson, and Ronald Pope. Defendant shall respond to request no. 2 in plaintiff's Witness and Evidence List by June 22, 2001. Discovery will be closed on July 31, 2001.

Finally, in further submissions to the court, plaintiff is instructed to refrain from making gratuitous disparaging remarks about opposing counsel. While plaintiff is, of course, free to contest Ms. Kelly's characterization of the merits of his case, the barrage of personal insults directed against her character serves only to clutter the record needlessly and to obscure the legal issues before me. Plaintiff is counseled to adopt a tone of civility in the future. The continuation of personal insults after this warning may result in sanctions.

Plaintiff's motion to compel [67] is granted in part and denied in part.

ENTER:

James B. Zagel
United States District Judge

DATE: 9 May 2001

3